| |
|---|
| **Matter of Mui** |
| 2025 NY Slip Op 32177(U) |
| June 18, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2009-3859/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------X
In the Matter of the Application of
Jenny Mui, as Administrator of the
Estate of

        PETER MUI,

                                  Deceased,

for, Inter Alia, the Dissolution
of Yellow River, Inc.
----------------------------------------------------------------------X

**DECISION & ORDER**

File No. 2009-3859/A

**G I N G O L D, S.:**

---

*The following papers were read in determining this motion:*

                                                              Papers Numbered

Notice of Motion – Affirmation of Andrew T. Hambelton, Esq.,
Memorandum of Law and Exhibits                                     1-3

---

In this proceeding, petitioner Jenny Mui, as Administrator of the Estate of Peter Mui, deceased, seeks to, *inter alia,* dissolve the corporate entity known as Yellow River, Inc. ("Yellow River") pursuant to BCL § 1104-a. Respondents Yellow River and Tungtex (U.S.A.) Inc. ("Tuntex") each answered the petition and asserted counterclaims against petitioner.

In a decision dated November 8, 2017, the Honorable Nora S. Anderson denied respondents' cross-motion for summary judgment dismissing the petition, as well as denied, in part, petitioner's motion for summary judgment on Yellow River's first, second, third, fourth and sixth counterclaims arising from the decedent's alleged misconduct as Yellow River's CEO. Surrogate Anderson did grant petitioner summary judgment dismissing Yellow River's fifth

[* 1]

counterclaim as well as both of the counterclaims asserted by Tungtex. Thereafter, petitioner filed note of issue on August 19, 2020.

Now, there is a pending motion by petitioner seeking relief related to her failure to allegedly comply with BCL § 1106 when this proceeding was commenced. BCL § 1106(a), entitled Order to show cause; issuance; publication, servicing, filing, provides in pertinent part that "[u]pon the presentation of such a petition, the court shall make an order requiring the corporation and all persons interested in the corporation to show cause before it, or before a referee designated in the order, at a time and place therein specified, not less than four weeks after the granting of the order, why the corporation should not be dissolved." Failure to comply with the publication and notice requirements of Section 1106 prohibits a court from considering an application for judicial dissolution (*LaSorsa v. Algen Press Corp.*, 105 AD2d 771 [2d Dept 1984]), which may be remedied *nunc pro tunc* (*id.*).

The motion has been submitted without opposition. However, at multiple court conferences, the parties have represented to the Court that they no longer seek dissolution of Yellow River and have indicated their intent to pursue alternate relief in another jurisdiction (the propriety of which this court does not pass on).

Given the undisputed procedural irregularities of the petition, as highlighted in petitioner's motion for an order "directing certain procedural requirements of BCL § 1106 be corrected *nunc pro tunc* to date of verified petition", and the parties' representation that an order of dissolution with respect to Yellow Taxi is no longer sought from this Court, the petition is dismissed and the motion is denied as moot.

Yellow River's counterclaims which survived Surrogate Anderson's decision on petitioner's motion for summary judgment remain. The Court acknowledges that the parties have

2

represented their intention to join these counterclaims with a forthcoming action brought by petitioner in connection with Yellow River. In the interests of justice, the Court will sever these counterclaims and refer the remainder of this matter to ADR pursuant to a separate Order of Reference to Mediation.

**Conclusion**

Accordingly, it is hereby

**ORDERED** that the petition is denied; and it is further

**ORDERED** that petitioner's motion seeking relief related to petitioner's failure to allegedly comply with BCL § 1106 when this proceeding was commenced is denied as moot; and it is further

**ORDERED** that Yellow River's first, second, third, fourth and sixth counterclaims are severed and referred to ADR pursuant to a separate Order of Reference to Mediation.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied.

The Clerk of this court shall email a copy of this decision, which constitutes the order of the court, to the parties named below.

Dated: New York, New York
June 18, 2025

_____
S U R R O G A T E

To:

Andrew J. Luskin, Esq.
McLaughlin & Stern, LLP
516-829-6900
aluskin@mclaughlinstern.com
*Attorneys for Jenny Mui*

3

Andrew T. Miltenberg, Esq.
Stuart Berstein, Esq.
Nesenoff & Miltenberg LLP
212-736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
*Attorneys for Yellow River, Inc.*

Debra Bernstein, Esq.
Tarter Krinsky & Drogin LLP
212-216-8027
dbernstein@tarterkrinsky.com
*Attorneys for Tungtex (U.S.A.) Inc.*

[* 4]